## CHARLES H. BUCKLIN *vs.* ELISHA WARD.

RUTLAND,
*February,*
1835.

When a proceeding depends upon the discretion of the county court, guided by the particular circumstances of the case, and not on any certain known rule of law, this court will not control it.

Where a declaration, before a justice of the peace, states a note payable to A. B. or bearer, and when appealed, the plaintiff files his declaration, omitting "or bearer," the suit will not be dismissed for a variance.

The assignment of a chose in action for a valuable consideration is a sufficient consideration for a promise of the debtor to make payment to the assignee.

This was an action of *assumpsit* upon a note, commenced before a justice of the peace, and came into the county court by appeal. The declaration before the justice, stated a note payable to one James W. Ward or bearer, and that said note was assigned over and delivered to the plaintiff, who was the bearer, and entitled to recover the same; and that the defendant had due notice of said assignment, and thereupon promised the plaintiff to pay the amount of said note to him, but refused, &c.

I nthe county court the plaintiff declared as upon a note payable to James W. Ward, omitting "or bearer," but stated that the note was transferred to the plaintiff by endorsement, of which the defendant had notice ; and that when presented to defendant for payment, in consideration that the plaintiff was owner of the note, and justly entitled to recover the amount thereof, promised to pay the same to the plaintiff, but refused, &c.

The defendant moved to dismiss the declaration filed in the county court for its variance from the declaration before the justice. This motion was overruled by the court, to which the defendant excepted.

The defendant then demurred to the sufficiency of the declaration, which was likewise overruled ; to which the defendant excepted.

Upon these exceptions the cause came here for revision.

*Clark and Ward for defendant.*—1. The declaration does not state any consideration for the transfer of the note from the payee to the plaintiff.

The words "value received," are insufficient as the averment of a material fact in the plaintiff's declaration, and must be construed as terms merely descriptive of the instrument by which the assignment is supposed to have been made ; the instrument of assignment not being a deed, does not imply or import any consideration.

RUTLAND,
*February,*
1835.

Bucklin
*vs.*
Ward.

It may be evidence of consideration sufficient between the parties, but is not sufficient to charge a third person.

2. The declaration does not state an express promise unequivocally from the defendant to the plaintiff, but seems only to raise it by implication.

3. The facts set forth in the plaintiff's declaration do not, in law, amount to a sufficient consideration to uphold an express promise to pay the plaintiff, inasmuch as there is no benefit to the promisor nor prejudice to the promisee. As a general legal proposition, it is no benefit to the promisor that the promisee has bought himself into the rights of his creditor, unless the money is so advanced as to give to the debtor or promisor the defence of payment to any action afterwards brought upon the debt or note. In this case the plaintiff or promisee, by taking an assignment of the note, has taken care not to impart that advantage to the defendant.

The prejudice the plaintiff may have suffered by his own act (and as a general truth it cannot, as matter of law, be determined whether the plaintiff or promisee has been prejudiced or benefitted) and without any reference to the defendant, and without his request, is an executed and void consideration to uphold a future promise.

The case of *Moar* vs. *Wright*, 1 Vt. Rep. p. 57, is well decided on another ground.

Another objection is to a variance between the declaration filed under the rule of the county court, and the declaration before the justice, changing the cause of action.

The object of the power to amend pleadings and process is to prevent a writ of error, or cure some defect of substance or error of form which might be reached by general or special demurrer, and is limited in its exercise by the English courts to cases where there is something to amend by.—1 T. R.

The court will not suffer a good writ to be amended to adapt it to another purpose, but only where bad and vicious on the face of it. See Jacobs's Law Dictionary, p. 88, title amendments.

The statute of this state uses the term amend in the same relative sense, as implying something to be amended. See statute, chapter vii. sec. 51, p. 75.

The rule of the county court, permitting the plaintiff to amend as a matter of course in appealed cases, is only one mode of exercising the power conferred by the statute, and must be subject to the same limitation. It was intended to ensure the regularity of process in courts of record, and not to alter the rule of jurisdiction.

The declaration before the justice is the document to amend by. In this sense the rule has been expounded.—*Carpenter* vs. *Goolcin*, 2 Vt. Rep. 495.

RUTLAND,
*February*,
1835.

Bucklin
vs.
Ward.

*Harris and Howe for plaintiff.*—The contract set forth in the declaration is founded upon good and sufficient consideration. It is alleged to consist in the assignment of the note by James W. Ward (the original payee) for a valuable consideration, with an order of payment to the plaintiff, and notice thereof to the defendant, which imposed upon the defendant an equitable and legal obligation to pay to the plaintiff.—1 Vt. Rep. 58, *Moar* vs. *Wright*, and the authorities there cited.

The defendant incurred an obligation which a court of law will enforce, and such as he cannot evade, and from which he cannot be released, except by the assignee.—Vt. Rep. 168, *Lampson* vs. *Fletcher*. Distinct and undoubted moral obligation to pay a debt, is a sufficient consideration for an express promise ; but when a legal liability exists, and the promise is to do what the law will enforce, such promise most clearly gives a right of action.—1 Vt. Rep. 420.

The opinion of the court was delivered by

MATTOCKS, J.—The first question presented is, whether the declaration, which the county court permitted the plaintiff to file, was so far variant from the declaration before the justice, that this court will consider that as error, and review the judgment. In describing the note which was the inducement to the promise declared upon before the justice, it was stated to have been payable to James W. Ward *or bearer*. The amended declaration made the note payable to James W. Ward, omitting " or bearer."

In *Carpenter* vs. *Billings*, 2 Vt. R. 495, it is stated by Prentiss, J., that " When a proceeding depends upon the decision of the county court, guided by the particular circumstances of the case, and not on any certain and known rule of law, we have no control over it." In the same case it was decided that an amendment cannot be granted, which changes the form of the action, or introduces a new count for a new cause of action. Most other amendments it is competent for the court, in their discretion, to make, and when made, they are not revisable by this court. The present was a plain case of an ill description before a justice, in one particular, of a note described, though not declared on, and when the plaintiff filed his declaration in the county court, he was permitted to describe the note truly, to prevent a variance. This was correcting

RUTLAND,
February,
- 1835.

Bucklin
vs.
Ward.

a clerical error, which it would be proper to allow in any stage of the proceeding, the note being the document to amend by.

As to the sufficiency of the declaration, which is raised by the demurrer, that is settled in the case of *Moar* vs. *Wright*, 1 Vt. Rep. 57, when this subject was most ably discussed by the judge who delivered the opinion, to which little could be added, and nothing is required.

The judgment of the county court is affirmed.