CHITTENDEN
*January,*
1839.

MICHAEL PHALAN *v.* STILES & BARNEY.

A promise by a debtor to pay his debt to a third person, unless the creditor has released the debtor, or assigned the debt to such third person, is *nudum pactum* and void.

THIS was an action of book account, in which there had been a judgment to account in the county court, and the case referred to an auditor, who reported a balance in favor of the plaintiff.

The principal item in dispute was a charge in defendants' account, of $17,75 for the "balance of Stiles' account."

The auditor reported, that in support of this item the plaintiffs offered themselves as witnesses to prove that, some time in August, 1837, the plaintiff and Stiles, one of the defendants, had a settlement of their mutual accounts, and that upon such settlement there was found due from the plaintiff to said Stiles a balance of $17,75, and that the plaintiff afterwards agreed to pay said balance to the defendants, Stiles and Barney. The plaintiff insisted that the item in question was not a proper article of charge on book, and that the defendants were not competent witnesses to prove it, and the auditor, being of that opinion, excluded their testimony.

The defendants then offered, as a witness, one John Chambers, to prove the same facts above stated. To this witness the plaintiff objected, on the ground of incompetency for interest, in consequence of having given the plaintiff the following written guaranty, to wit:

"This is to certify that I, John Chambers, do agree that "Stiles & Barney will settle with Michael Phalan for spinning "56 yards, at nine cents per yard.

JOHN CHAMBERS."

And said witness was rejected by the auditor, and the said item of $17,75 was disallowed.

The county court accepted the report of the auditor, and rendered judgment thereon for the plaintiff, to which the defendants excepted.

*W. P. Briggs,* for defendants.

*F. G. Hill,* for plaintiff.

COLLAMER, J.—The principal objection to the auditor's re-

OF THE STATE OF VERMONT.

port, and the judgment of the county court thereon, seems to relate to a charge in the defendants' account of $17,75, which was disallowed. That charge was as follows:

"To balance of Stiles' acc't    .    .    .    $17,75."

CHITTENDEN,
January,
1839.

Phalan
v.
Stiles & Barney.

It appears that the defendants offered to show, by their own personal testimony, that the plaintiff owed Styles that sum, on settlement of accounts, and afterwards promised to pay it to the defendants. This was rejected by the auditor. It is not very obvious why the defendants were not competent witnesses of these facts, but there was no error in rejecting them, if the facts, when shown, were incompetent. To bind Phalan to any such contract to the defendants, one of two things must appear. Either Stiles must have assigned his debt to the defendants, or released the plaintiff therefrom; otherwise the plaintiff remained liable to Stiles, and his promise to the defendants was entirely *nudum pactum*. Neither of these was offered to be shown.

The same facts were offered to be proved by one Chambers, who appears to have been rejected on account of supposed interest in the event of the suit; but the report shows no interest. It appears that he gave the plaintiff a guaranty that the defendants would pay him for spinning, but it does not appear that the same spinning constituted any part of the plaintiff's account, now in suit. As the facts offered to be proved by him were insufficient to sustain the defendants' claim, as already shown, his being rejected was of no importance. All the other charges appear to have been settled, on the merits, by the auditor.

Judgment affirmed.