### ORRIN STILES *v.* CALVIN FARRAR.

The interest of the payee in a note *not negotiable may be assigned; and if* assigned, and notice thereof is given to the maker, and an action is commenced upon the note in the name of the payee for the benefit of the assignee, the equitable interest of the assignee will be protected at law. This is not now an open question.

And if, upon notice of the assignment being given to the maker, he promise to pay the note to the assignee, this will, in law, amount to a *waiver of* all right in the maker to plead *in offset to the note* any demand, which may have accrued to him against the payee prior to the assignment.

And such assignment and notice constitute a sufficient consideration for the promise to pay the note to the assignee.

And if, in an action upon a note, not negotiable, in the name of the payee, the assignment of the note, the notice thereof to the maker, and the maker's promise to pay the note to the assignee be admitted upon the pleadings, it will be considered as sufficiently appearing, that the suit is prosecuted for the benefit of the assignee.

ASSUMPSIT upon a promissory note, not negotiable. The defendant filed in offset his declaration on book account against the plaintiff, pursuant to the statute, and recovered judgment thereon for a balance in his favor, and pleaded the same in offset to the plaintiff's claim upon the note, averring that the account, upon which that balance was founded, accrued to him long prior to the execution of the note in suit. The plaintiff replied, that, prior to the commencement of this action, the note in suit was assigned and transferred by him to one Haskins, for a valuable consideration, and notice thereof given to the defendant, and that the defendant thereupon promised to pay the note to Haskins, provided he should be released from his liability for a small balance, due upon a note to Blake & McIntyre, which he had signed as surety for the plaintiff; and the plaintiff averred, that the defendant had been released from his liability upon the note to Blake & McIntyre. The defendant rejoined, admitting the assignment of the note to Haskins, the notice, the promise made by him to the assignee and the discharge of *the note to Blake &* McIntyre, as alleged in the replication, but averred, that that promise was made upon the erroneous belief, that another liability, growing

out of his liability upon that note, and which he had incurred for the plaintiff prior to the assignment to Haskins, and which the plaintiff had before that time promised to pay and discharge, was in fact paid and discharged; whereas, he averred, that liability had not then been in fact discharged, as the plaintiff had promised, but constituted the subject matter of the claim upon which the declaration in offset was founded. To this rejoinder the plaintiff demurred.

The county court,—REDFIELD, J., presiding,—adjudged the rejoinder insufficient, and rendered judgment for the plaintiff, for the amount of the note in suit. Exceptions by defendant.

*O. H. Smith* for defendant.

The assignee of a *chose in action* takes it subject to all equities, existing at the time in the original debtor. *Foot* v. *Ketchum et al.,* 15 Vt. 258. And the question arising upon the pleadings in this case is, whether the promise made by the defendant will operate as an estoppel to his claim for a set-off, thereby depriving him of a prior equity. It is not alleged, that this suit was brought, or is prosecuted, at the expense, or by the procurement, of Haskins. As the pleadings stand, Stiles appears and prosecutes in his own name, and for his own benefit, and sets up the assignment and promise as an estoppel. The replication is insufficient, as an estoppel, that being a plea not to be favored. 1 Chit. Pl. 238. An estoppel cannot be taken by inference, but must be relied on in pleading. *Lansing* v. *Montgomery,* 2 Johns. 382.

The same principle, which allows the plaintiff in an action of assumpsit to recover what, *ex æquo et bono,* he is entitled to, operates in favor of the defendant, when called upon for the payment of money; and if he can show a prior equity, he will be permitted to retain the money. *Eddy* v. *Smith,* 13 Wend. 488. These rules seem to be correlative. It would be absurd, to say that money paid by mistake may be recovered back, and yet that a naked promise, without any new consideration, made by mistake, should be binding.

*J. A. Vail* for plaintiff.

1. The defendant, upon the facts disclosed in the case, became liable to Haskins for the amount of the note in suit; and Haskins might have maintained a suit in his own name on that promise.

*Moar* v. *Wright,* 1 Vt. 57. *Bucklin* v. *Ward,* 7 Vt. 195. *Compton* v. *Jones,* 4 Cow. 13. *Crocker et ux.* v. *Whitney,* 10 Mass. 316. *Currier* v. *Hodgdon,* 3 N. H. 82. *Lang* v. *Fiske et al.,* 2 Fairf. 385. The note not having been indorsed, and not being negotiable, the suit might well be commenced by Haskins, in the name of the payee, for his own benefit; *Strong* v. *Riker,* 16 Vt. 554; and courts of law will protect the assignee's equitable claim.

2. The defendant, by his conduct and declarations to Haskins at the time he received the notice and made the promise, gave Haskins to understand, that the offset now set up did not exist; and, as we insist, this amounted to a waiver of all offsets, except the balance due on the Blake & McIntyre note,—which was settled before the commencement of this suit. Haskins relied upon the promise of the defendant, and commenced his suit in good faith. The defendant cannot complain, if he is forced to make good his promise. To permit the defendant to defeat this action, by the matter set up in the plea in offset, would enable the defendant to take advantage of his own *laches,* and might operate as a fraud upon Haskins, the assignee. *Merrill* v. *Merrill,* 3 Greenl. 463. *King* v. *Fowler,* 16 Mass. 397. *Henry* v. *Brown,* 19 Johns. 49. *Mowry* v. *Todd,* 12 Mass. 283. *Welland Canal Co.* v. *Hathaway,* 8 Wend. 483.

The opinion of the court was delivered by

KELLOGG, J. The county court having adjudged the defendant's rejoinder insufficient and rendered judgment for the plaintiff, the case is brought to this court for revision; and the question raised by the bill of exceptions is, whether the rejoinder is sufficient. The note declared upon is not negotiable, yet the payee's interest in it might well be assigned, and, upon notice of the assignment to the maker, the equitable interest of the assignee would be protected at law. This principle is too well settled to admit of controversy. It is no longer an open question. *Newell* v. *Adams,* 1 D. Ch. 346. *Strong* v. *Strong,* 2 Aik. 373. 12 Johns. 344. 15 Johns. 406. 16 Johns. 51.

But it is contended, that, inasmuch as the defendant's account, which is the foundation of his offset, existed anterior to and at the time of the assignment and transfer of the note to Haskins, his right of offset still exists. The correctness of this proposition must be

Stiles *v.* Farrar.

admitted, provided nothing has occurred since the assignment of the note to Haskins, to defeat the right. But the plaintiff in his replication alleges, and the same is admitted by the rejoinder, that the note was assigned to Haskins for a valuable consideration, that the defendant was duly notified thereof, and that thereupon the defendant promised to pay the note to Haskins. This promise, if binding upon the defendant, does, in the judgment of the court, amount to an acquiescence in the assignment, and a waiver of all right, or claim, in the defendant to interpose an offset to the note. *King* v. *Fowler*, 16 Mass. 398.

But it is objected, that there was no consideration for the promise, that it was a mere *nudum pactum*, and therefore not obligatory upon the defendant. This objection is not well founded. It is settled by numerous adjudged cases, that the assignment of a debt for a valuable consideration, with notice to the debtor, is a sufficient consideration to sustain an express promise to pay the debt. It was so held in *Crocker* v. *Whitney*, 10 Mass. 316, and the same principle is fully recognised by this court, in *Moar* v. *Wright*, 1 Vt. 57, and in *Bucklin* v. *Ward*, 7 Vt. 195. To the same point is *Currier* v. *Hodgdon*, 3 N. H. 82.

The note not being negotiable, the suit might well be brought in the name of Stiles, the payee, for the benefit of Haskins, the assignee. *Moar* v. *Wright*, 1 Vt. 57.

It is farther objected, that it does not appear, that the suit is brought and prosecuted for the benefit of Haskins. This objection, we think, cannot be sustained. It is true, it is not alleged in express terms, that the suit is prosecuted for the benefit of the assignee; but it is very apparent, from the pleadings in the case, that such is the fact. The rejoinder admits the sale and transfer of the note by Stiles to Haskins, notice of the assignment to the defendant and his promise to pay the note to Haskins. The defendant thereby recognised and assented to the assignment. The conclusion is irresistible, that the suit is prosecuted for the benefit of Haskins.

The result is, that we do not discover any error in the judgment of the county court, and the same is therefore affirmed.