ALLIS & HOWES *v.* JOSEPH C. JEWELL.

*Assignment. Acceptance. Averments. Construction of Contracts. Assumpsit.*

An express promise from the debtor upon the order of the creditor, to pay the assignee the debt assigned, makes the debtor liable in a suit by the assignee in his own name.

The plaintiffs averred that the defendant, J., was indebted to Carpenter & Co. in the sum of $65,000. Prior to this indebtedness, Carpenter & Co. had furnished to the defendant and his co-partners in business, under the firm name of Jewell & Co., goods to the amount of $80,000., for which Jewell & Co. were indebted to Carpenter & Co. By an agreement between Jewell & Co. and Carpenter & Co., these goods and their proceeds had been put into the defendant's hands to sell and reduce to cash, and when reduced to cash to pay over to Carpenter & Co. or their order to be applied on said indebtedness. Carpenter & Co. sold and assigned to the plaintiffs of their said claim against the defendant, and of their debt against Jewell & Co., the sum of $15,650., of which the defendant had notice, and Carpenter & Co., by their order in writing, directed the defendant to pay the plaintiffs $15,650. of the first moneys that should come to his hands as the proceeds of goods furnished to Jewell &

Co., by Carpenter & Co., as fast as the same could be collected after paying two other claims named, amounting to about $18,000.; the defendant accepted the order and promised the plaintiffs to pay them according to the order. *Held*, that the averment of the sale and assignment to the plaintiffs did not make the plaintiffs joint owners with Carpenter & Co., of the debt against Jewell & Co.

*Held*, that if the $15,650. was assigned out of the two debts without distinction, and the defendant accepted the order and agreed to pay it, his promise may well be attributed to that debt which he was solely liable to pay, if his promise to pay would not bind him as to the other.

*Held*, that the facts alleged contain all the elements of a legal contract between the plaintiffs and the defendant, whether the agreement be treated as an assignment of a portion of the original debts and an express promise to pay, or as an order upon a fund in the hands of the defendant as a depositary and belonging to Carpenter & Co., and an acceptance of the order.

*Held*, that the promise to Carpenter & Co. by the defendant to pay to the plaintiffs according to the order, is in legal effect a direct promise to the plaintiffs.

*Held*, that the legal effect of the order is, not that the defendant must actually pay the other debts before he pays the plaintiffs', but that after retaining in his hands, or after receiving a sum sufficient to pay the other claims, he shall out of the funds thereafter collected, pay the plaintiffs.

Where the words of a written contract are actually set forth in a declaration, though not accompanied by words of professed recital, the court should give them their legal effect, and not require other averments to comply with the letter when not required to satisfy the legal intent of the contract. The intent being plain to apply the order to all moneys collected from the proceeds of the goods, whether collected before or after the promise, this will prevail over the letter of the order, which was to "pay out of the first moneys that *shall come* to your hands, &c."

This action was properly brought in *assumpsit*.

ASSUMPSIT, upon a written order accepted by the defendant and payable to the plaintiffs. The material averments in the declaration are stated in the second note at the head of the case ; except the averment that beyond the amount of sums named in said order as first to be paid, the defendant after acceptance of said order and before the commencement of this suit had collected and received as the proceeds of said goods the sum of $15.650., which the defendant was bound to apply and pay over to the plaintiffs.

The defendant demurred to the declaration and craved oyer of said order, which read as follows :

Allis et al. *v.* Jewell.

"EVANSVILLE, February 18th, 1858.
MR. JOSEPH C. JEWELL, EVANSVILLE, IND.

SIR:—After paying between eight and nine thousand dollars borrowed by J. C. Jewell & Co., and applied to the payment of debts of W. Carpenter & Co., and after also paying another draft of this date drawn by us in favor of William Baker, Cashier of the Crescent City Bank, for the sum of nine thousand five hundred dollars, you will please pay to the order of Allis & Howes the sum of fifteen thousand six hundred and fifty dollars out of the first moneys that shall come to your hands as the proceeds of goods and merchandise furnished to the firm of J. C. Jewell & Co., by the firm of W. Carpenter & Co., it being the intention of this order to direct you to pay over the proceeds of said goods as fast as the same can be collected after paying the said sum of money borrowed by J. C. Jewell & Co., and applied to the payment of the debts of W. Carpenter & Co., and after paying the said draft or order in favor of said W. Baker, Cashier.

WILLARD CARPENTER & Co."

(Endorsement as follows :)

"I accept this order, and promise to pay the same to Allis & Howes according to the tenor and effect of this order.

February 18th, 1858.         J. C. JEWELL."

The defendant assigned several causes of demurrer which are sufficiently stated in the opinion of the court.

The court, April Term, 1863, PIERPOINT, J., presiding, adjudged the declaration sufficient,—to which the defendant excepted.

*G. F. Edmunds*, for the defendant.

*Daniel Roberts*, for the plaintiffs.

ALDIS, J.  The declaration alleges that Willard Carpenter & Co., by their order in writing, directed the defendant to pay the plaintiffs $15,650. "out of the first moneys that should come to his hands as the proceeds of goods furnished J. C. Jewell & Co. by the said Willard Carpenter & Co.;" that the defendant accepted the order, and promised the plaintiffs to pay them according to the order.

Where a party, who has money belonging to another which he is bound to pay to him or his order, accepts an order drawn on

Allis et al. *v.* Jewell.

him therefor, and promises to pay the drawee the amount, it is not pretended that such facts do not constitute a legal consideration for the promise. Bills of exchange as between acceptor and payee stand upon such consideration, although in declarations upon them the facts constituting the consideration need not be alleged.

But the defendant alleges that the inducement of the declaration sets forth facts which constitute a different relation between the parties, and furnish no consideration for the promise.

The inducement alleges, 1st, that the defendant was indebted to Carpenter & Co., $65,000.; 2d, that Carpenter & Co. had furnished Jewell & Co. with goods to the amount of $80,000.— for which Jewell & Co., were indebted to Carpenter & Co.; 3d, that by an agreement between Jewell & Co., and Carpenter & Co., these goods and their proceeds had been put into the defendant's hands to sell and reduce to cash, and when reduced to cash to pay over to Carpenter & Co., or their order. Now if from this point in the inducement the declaration had proceeded directly to allege the drawing and acceptance of the order it would probably not be claimed, but that the declaration clearly disclosed a legal consideration. It would be the common case of one having money in the hands of another drawing an order upon the fund in behalf of a third party and the party having the funds accepting and promising to pay the order.

But here there appears in the declaration an averment that Carpenter & Co. " sold and assigned to ·the plaintiffs of their said claim against the defendant and of their debt against Jewell & Co , the sum of $15,650. of which the defendant had notice," —and then the drawing and acceptance of the order are alleged. The defendant claims that this averment makes the plaintiffs joint owners with Carpenter & Co., of the debt against Jewell & Co.,—of an undivided interest in that debt; that the plaintiffs thus becoming the creditors with Carpenter & Co., of Jewell & Co., a promise by one member of the firm of Jewell & Co., to pay the plaintiffs their undivided share of the debt against Jewell & Co., is without consideration. And to this *Vadakin* v. *Soper*, 1 Aiken, 287, is cited, which shows that a promise by the defendant to pay one of three partners his third of a debt due from the defendant to the partnership, is without consideration. The

court held in that case that no facts were stated in the declaration by which it would appear that there was a mutual agreement of the parties, so that the payment to the partner of his share of the partnership debt would be any defence to an action by the partnership on the joint demand.

We think this point on behalf of the defendant untenable. A correct construction of the declaration requires that the words, " their said claim against the defendant," should be construed to refer to the debt of $60,000. which the defendant owed Carpenter & Co. If Carpenter & Co. sold a part of that to the plaintiffs and gave them an order on the defendant therefor, and he accepted it, that clearly would bind him. An express promise from the debtor, upon the order of the creditor, to pay the assignee the debt assigned, makes the debtor liable in a suit by the assignee in his own name. . *Moor* v. *Wright*, 1 Vt. 57 ; 7 Vt. 195 ; 11 Vt. 83 ; 12 Vt. 358. In *Vadakin* v. *Soper*, if Henry Soper could have shown an order in writing from the other two partners, or from the firm, upon Vadakin to pay him his share of the partership debt and this accepted and agreed to by Vadakin, then there would have been the mutual agreement of the parties which would have sustained the action, and which Chief Justice SKINNER speaks of as being there wanting.

If the $15,650. was assigned out of the two debts, (the one against Jewell and the other against Jewell & Co.,) without distinction, and Jewell accepted the order and agreed to pay it, his promise may well be attributed to that debt which he was solely liable to pay, if his promise to pay would not bind him as to the other.

It has been said that the assignment was of an indeterminate and indefinite interest in the claim or claims—not any fixed and ascertained sum. We think the fixed sum in dollars—$15,650. —was a sufficiently exact ascertaining of the sum so assigned and to be paid.

The facts averred in the declaration show the agreement of all the parties,—the plaintiffs and the defendant and Carpenter & Co.—that the sum of $15,650. should be paid out of the fund by the defendant to the plaintiffs and his promise to them to so pay them. Whether this be treated as an assignment of a portion of

Allis et al. *v.* Jewell.

the original debts and an express promise to pay—or as an order upon a fund in the hands of the defendant as a depositary and belonging to Carpenter & Co., and an acceptance of the order— the facts alleged contain all the elements of a legal contract between the plaintiffs and the defendant. After this acceptance by the defendant, Carpenter could no longer control or claim the portion of the fund thus agreed to be paid the plaintiffs,—could not sue for it.

II. It is claimed that the promise in the acceptance of the order is not a promise to the plaintiffs, but only a promise to pay them. We think in legal effect it is a direct promise to them. And, as we have already said, there is a sufficient consideration for the promise.

III. It is said that the declaration avers a promise to pay the plaintiff's "after paying" other claims on the fund, and that there is no allegation that such other debts have been paid.

The declaration sets out the order in the words of the instrument, although it does not profess to recite them. In the averments it does not allege that the defendant has *paid* the other claims on the fund, but says that the defendant had in his hands, "beyond the amount of said sums named in said order as first to be paid," the further sum of $15.650., &c. This averment goes upon the ground that the legal effect of the order is that the defendant, *after retaining* in his hands, or after receiving, a sum sufficient to pay the other claims, shall out of funds thereafter collected pay the plaintiffs, and that the words "after paying," &c., mean that and no more,—do not mean that he must actually pay the other debts before he pays the plaintiffs. We think this is the legal effect of the order; the terms of the instrument and the nature of the transaction show it. The defendant then objects—if so, why did not the plaintiff so declare—why say "after paying," instead of after retaining a sum sufficient to pay?

Had the plaintiff professed to recite the words of the order, it is admitted that he might well have done so, and then the court would give them their proper construction.

Is the omission of the professed recital fatal, so that the court shall say, though the order is set forth literally, that shall not be deemed to carry the legal effect of it into the declaration, and

Allis et al. *v.* Jewell.

the literal text, as appearing by the oyer, and the legal effect of the contract being different, we must hold the declaration bad? Mr. Chitty does not quite say that. He says, "it seems to be advisable to profess to set forth the instrument and to give its precise words." That is the prudence of the lawyer—we do not think it would be wisdom in the court. 1 Ch. Pl. 307. Where the words of the written contract are actually set forth in the declaration, though not accompanied by words of professed recital, we think the court should give them their legal effect, and not require other averments to comply with the letter, when not required to satisfy the legal intent of a contract. This would be to spread upon the declaration needless allegations to keep up an apparent logical harmony in pleading, with the loss of real accuracy and simplicity.

The pleader here has set forth the order in its terms—he has made all the needful averments according to the legal effect of the order. We think that is all that is requisite to apprise the defendant with legal certainty of the facts to which he is to plead.

Another special cause of demurrer is that it does not appear that the sum alleged to be in the defendant's hands was collected after the promise. The order says—"pay out of the first moneys that shall come to your hands as the proceeds of goods,"&c., "it being the intention of this order to direct you to pay over the proceeds of said goods as fast as the same can be collected." It is claimed that the true construction of the order is, that he shall only pay over sums *thereafter* collected,—founded on the words, " that *shall* come," &c. But when taken in connection with the clause above cited, the intent is plain to apply the order to all moneys collected from the proceeds of the goods, whether collected before or after the promise. Hence the objection is not well founded—the substance again prevailing over the letter of the contract.

The last objection, that the subject matter is for account at law or in equity, is also overruled, the court deeming the express promise in writing sufficient, under the averments of the declaration, to sustain assumpsit.

Judgment affirmed.