WILLIAM C. SIMONDS *v.* FREDERICK F. PIERCE.

*Contract.   Consideration.   Parties.   Action by Assignee of Non-Negotiable Chose in Action.*

<blockquote>
The transfer of a non-negotiable chose in action whereby the assignee becomes the absolute owner thereof, is a consideration sufficient to sustain an express promise by the debtor to pay to such assignee; and such assignee may maintain an action on such promise in his own name. Thus, defendant was indebted to plaintiff and his partner for goods sold and delivered. Plaintiff bought his partner's interest, gave defendant notice thereof, and asked him to pay. Defendant replied that he understood plaintiff had bought out his partner and owned the accounts, that his account was larger than he supposed, but that he would call and settle it. *Held,* that this amounted to a promise to pay to plaintiff, and that plaintiff could maintain assumpsit thereon in his own name.
</blockquote>

GENERAL ASSUMPSIT, with an amended declaration containing counts for goods sold and delivered by plaintiff and his former partner. The defendant did not appear nor plead, but subsequent attaching creditors appeared and pleaded the general issue. Trial by the court, September Term, 1878, DUNTON, J., presiding.

It appeared that prior to September 19, 1877, plaintiff and one Osgood were partners in trade in Brandon, under the name of Simonds & Osgood, and that defendant had bought goods of them to a considerable amount, for which he then owed them ; that on that day plaintiff bought out his partner, who duly conveyed to plaintiff all his interest in the partnership property, including " all and any choses in action, notes, demands, and accounts and debts due to or to become due to said firm," and went out of the business, and had nothing more to do with it ; and that the plaintiff went on with the business in his own name without other change, and continued to furnish the defendant with goods as before, charging them on a new page of the ledger, until he had furnished goods to the amount of $42.35 in addition to what had been sold at the time of the dissolution of the copartnership. It appeared also that some time after the dissolution the plaintiff

told the defendant that he had bought out his partner and owned the copartnership accounts, including that of the defendant, and asked the defendant to pay, to which the defendant replied that he understood the plaintiff had bought out his partner and owned the accounts, that the account was larger than he supposed, but that he would come in and settle it with the plaintiff; that the plaintiff again asked the defendant to pay, and he promised to pay the plaintiff on a day that was then agreed on; that the defendant did not pay the account as agreed, nor any part of it, and that after the day on which he agreed to pay had passed, the plaintiff brought this action. It did not appear that the account for goods sold before the dissolution had ever been charged over to any one, or balanced, or carried to the plaintiff's account.

The subsequent attaching creditors claimed that the plaintiff could recover only for goods sold subsequent to the dissolution of the copartnership, but the court rendered judgment, *pro forma*, for the plaintiff for the whole amount, including goods sold before the dissolution; to which the subsequent attaching creditors excepted.

*Ormsbee & Briggs*, for subsequent attaching creditors.

A defense by a subsequent attaching creditor is in all cases as extensive as a defence by the debtor himself, and sometimes more extensive. *Harding* v. *Harding*, 25 Vt. 487 ; *Chaffee* v. *Malarkee*, 26 Vt. 242.

The language of the defendant when asked by the plaintiff to pay, imports merely a purpose to pay — not a promise on which an action may lie. *Fisk* v. *Brackett*, 32 Vt. 788.

But, to enable the plaintiff to recover, there should have been not only an absolute promise but new consideration therefor. 1 Chit. Pl. 10. See *Stiles* v. *Farrar*, 18 Vt. 444.

*W. G. Veazey* and *J. B. Phelps*, for the plaintiff.

It appears that the partnership had been dissolved, and the plaintiff had bought out his partner and owned the whole of the debt due from the defendant. On those facts he may maintain this action in his individual name. *Evans* v. *Silverlock*, 1 Peake, 31 ;

Collyer Part. ss. 644, 658. It further appears that the defendant was notified by the plaintiff that he owned the debt, and promised to pay it. There is a special declaration declaring upon that promise to the plaintiff, and an action may be maintained upon that promise, in the plaintiff's individual name. *Austin* v. *Walsh*, 2 Mass. 401; *Moar* v. *Wright*, 1 Vt. 57; *Eaton* v. *Whitcomb*, 17 Vt. 641. The fact that the plaintiff had bought and owned the debt, is a good consideration for the promise to pay. *Moar* v. *Wright, supra.*

Subsequent attaching creditors cannot make the technical defence of the non-joinder of Osgood. They are confined to the merits. Gen. Sts. c. 30, s. 44; *Farr* v. *Ladd*, 37 Vt. 156; *Fletcher* v. *Bennett*, 36 Vt. 659.

The opinion of the court was delivered by

ROYCE, J. It appears that the plaintiff and one Osgood were partners in business, and that during the existence of the partnership the defendant became indebted to them. That on the 19th day of September, 1877, the plaintiff purchased of Osgood all his interest in the property of the firm, and all choses in action due to the firm, which purchase included the debt due from the defendant. Soon after making said purchase, the plaintiff informed the defendant that he had purchased said claim against him, and demanded payment. The defendant replied that he understood that he had bought out Osgood, and owned the account, and that he would come in and settle it with him; and at a subsequent interview, upon the plaintiff's demanding payment, the defendant promised to come in and pay the plaintiff on a day which was agreed upon. The defendant failing to pay, this suit is brought by the plaintiff alone, declaring in his new declaration upon said promises made to him. No defence was made by the defendant, but subsequent attaching creditors who have been permitted to enter, insist that there was error in the judgment below, for the reason that the suit was not brought by the proper party, and claim that it should have been in the name of Simonds & Osgood.

Since the decision in *Moar* v. *Wright*, 1 Vt. 57, it has been

regarded as settled law in this State that the transfer of a non-negotiable chose in action whereby the assignee became the absolute owner, furnished a sufficient consideration to sustain a promise by the debtor to pay to the assignee, and that an action might be sustained upon such promise in the name of the assignee. The cases which sustain that rule are referred to on the 48th page of Roberts's Digest. It is claimed that what was said by the defendant in the interviews between him and the plaintiff, did not in legal effect amount to a promise to pay the claim to him. The language made use of by the defendant must be construed with reference to the facts and the subject-matter about which he was conversing. He then knew that the claim that he was speaking of was the property of the plaintiff, and must have understood that the demand of payment was made as owner. With that knowledge and understanding he made the promises relied upon ; and it seems clear to us that the promise was in fact, and in legal effect, to pay to the plaintiff alone. It follows that the suit was rightfully brought in the name of the plaintiff, and that there was no error in the judgment.

This disposition of the case renders it unnecessary to decide the question made in argument, as to the right of an attaching creditor to make the defence which was made.

*Judgment affirmed.*