Trow *v.* Braley.

JONES TROW *v.* GEORGE BRALEY.

*Assignment of Contract.* *Novation.* *Off-set.* *Consideration.*
*Statute of Frauds.* *Presumption.* *R. L. s.* 919.

A owed B for work; B assigned the debt to C; C gave notice to A, and A
promised to pay it, but it did not appear to whom; *Held,* (*a*) that there
was a comple novation; (*b*) that A could not off-set a note which B
had given to a third party, and which was held by A when notified of
the assignment, but gave no intimation that he owned it, especially as
the note was payable to order, and not endorsed; (*c*) that there was a
valuable consideration for the promise; (*d*) it was not within the Statute
of Frauds; (*e*) and it is presumed to have been made to C.

ASSUMPSIT. Plea, off-set. Trial by court, September Term,
1880, REDFIELD, J., presiding. Judgment for the plaintiff.

*Plumley & Bates,* for the defendant, cited, on the question
of off-set, and to prove that the defendant had one, *Foot* v. *Ket-chum,* 15 Vt. 258; *Downer* v. *South Royalton Bank,* 39 Vt.
25; *Walker* v. *Sargent,* 14 Vt. 247; *Barney* v. *Grover,* 28 Vt.
391; *Chamberlain* v. *Day,* 3 Cow. 353; *Carroll* v. *Malone,* 28
Ala., 521; *Driggs* v. *Rockwell,* 11 Wend. 504; *Dyer* v. *Horner,*
22 Pick. 256; *Bragg* v. *Fletcher,* 20 Vt. 354; *Bank of
Niagara* v. *Rosevelt,* 9 Cow. 409.

*Jas. N. Johnson,* for the plaintiff, cited, *Strong* v. *Strong,*
2 Aik. 373; Rob. Dig. p. 46; *Weeks* v. *Hunt,* 6 Vt. 15; *Day*
v. *Abbott,* 15 Vt. 632; *Stiles* v. *Farrar,* 18 Vt. 444; *McCann*
v. *Hallock,* 30 Vt. 233; *Bragg* v. *Fletcher,* 20 Vt. 35; Big.
Est. 488; *Cornish* v. *Abbington,* 4 H. & N. 549.

The opinion of the court was delivered by

Ross, J. This action is to recover the contract price for a
job of work done by the plaintiff for the defendant. The con-
tract was assigned to George W. Soper, October 14, 1879, and

* Heard, August Term, 1882.

Trow *v.* Braley.

notice thereof given to the defendant the next day. This suit is prosecuted for the benefit of Mr Soper. The contract was performed to the acceptance of the defendant October 31, 1879, and he then promised to pay, and gave no notice that he held any claim in offset. The defendant's promise to pay then made, was in legal effect a promise to pay the party entitled to receive payment. That party was Mr. Soper. After the defendant had received notice of the assignment of the claim, he could discharge the claim only by payment thereof to the assignee. The agreed case does not state to whom the defendant in fact made this promise. With nothing stated to the contrary, the legal presumption is that the promise was made to Mr. Soper, to whom alone payment could then be legally made. It appears that before the assignment of the contract, the defendant had become the owner of a negotiable promissory note given by Trow to Allen, which he now claims to set off against the contract price for the performance of the work. He gave no notice of his ownership of the note when he was notified of the assignment of the contract to Soper, nor when he promised to pay on the completion of the work, October 31, 1879. The note was payable to the order of Allen and not endorsed. He could not at that time have maintained an action thereon in his own name; and it is questionable if it had *accrued* to him within the meaning of the statute relative to offsets. R. L. s. 919. But however that may be, this suit being prosecuted for the benefit of Soper, on the other facts, *Stiles* v. *Farrar*, 18 Vt. 444 is in point, and decisive of this case. It is there held that a promise, by the maker of a non-negotiable note to pay it to the assignee, is an acquiesence in the assignment, and a waiver of an offset which he then had against the payee in a suit thereon in the name of the payee for the benefit of the assignee. It could not well be otherwise held. Such promise completed a novation of the payee. The assignment when brought to the notice of the maker, was a request from the payee to him to substitute the assignee, in place of the assignor as payee of the non-negotiable contract. The promise by the maker to pay the contract to

35

---

such assignee, is an agreement to accept the assignee as such payee in the place of and at the request of the assignor. Thus the novation is complete. Doubtless, the assignor could maintain an action in his own name on such *promise* for the recovery of the sum so promised to be paid him; and the maker would have no right to offset any claim which he then had against the original payee, unless he qualified his promise of payment, by reserving the offsets then held by him, and "available against the original payee. Without such qualification of his promise his offsets thereafter would be such as he held against the assignee or new payee of the contract. The assignment of the debt, for a valuable consideration with notice to the debtor, is a sufficient consideration for his promise to pay the same to the assignee as shown in *Stiles* v. *Farrar*, *supra*. The promise though not in writing, being a promise to pay his own debt is not within the Statute of Frauds. On this view of the facts and law governing the case, without considering other questions made in argument, the judgment of the County Court for the contract price for the work, and denying the right to offset the Allen note is affirmed.