Rutland,
January,
1839.

D. &. A. Collins *v.* Daniel Lincoln.

A promissory note payable to order or bearer in *current bills*, is not nego-
tiable.

This was an action of assumpsit in favor of the plaintiffs, as
indorsees of a note signed by the defendant and made paya-
ble to G. Johnson, or bearer, in one year from its date, in
current bills. Plea, non assumpsit, and issue to the court.

The county court decided that said note was negotiable,
and rendered judgment thereon for the plaintiffs. To which
the defendant excepted.

*R. R. Thrall* and *C. Linsley,* for defendant.

A note payable in *current* bills is not negotiable, and the
plaintiffs cannot sustain an action in their own name, as indors-
ees. Stat. 144. *McCormick* v. *Trotter,* 10 Sarg. & Rawle's
R. 94. 3 Kent's Com. 74. *Jones* v. *Fales,* 4 Mass. R. 245.
A negotiable note must be for the payment of money only.
Chitty on Bills, 346. Bayley on Bills, 10. *Ford* v. *Hop-
kins,* 1 Salk. R. 283.

*Briggs & June,* for plaintiff.

The statute of New York is the same as ours, both being
copies of the statute of the 3d and 4th of Anne.

It has been held by the supreme court of the state of New
York, that a note, payable in bank bills, is a *negotiable* note,
and that a suit might be maintained in the name of the indor-
see, on such note, if confined to a species of bills universally
current as cash. 9 Johns. R. 120. *Judah* v. *Harris,* 19
Johns. R. 144.

The term *money* may properly be defined to mean metal
coined for traffic, or current bills, exchangeable for coins, the
currency in general use.

" Current bank bills, convertible into specie, are the com-
mon currency of this country, and called money."

The opinion of the court was delivered by

Bennett, J.—The statute law of this state provides, that
the indorsee of any bill or note for the *payment of money,*
negotiable in its terms, may maintain an action thereon in his
own name. The note in question is payable in *current bills,*
and can the suit be maintained in the name of the indorsees ?

The term "current bills" is to be understood as meaning current bank bills, and in this sense we shall consider them. In the ordinary course of business, current bank bills, by a conventional arrangement in the community, and for the purposes of business, are treated as money; but this is not decisive of the question. It is a *non sequitur* that this note is negotiable. In England the doctrine seems to be pretty well settled, that bills and notes, to be negotiable, must be for the payment of money in specie. Bayley on Bills, 2 Amer. Ed. 10, and cases there cited. 3 Kent's Com. 74. So it has been held that notes, payable in specie or Bank of England notes, are not within the statute. See cases in note, Bayley on Bills, 10.

When we speak of money in a judicial sense, we have a fixed and determinate meaning. We only include such a currency as is recognized by the laws of the land.

It is only by the comity of the parties, that bank bills are ever permitted to be used for a tender. They are only the representative of money by this conventional arrangement for the convenience of business, and furnish evidence of a debt, due from the bank, which issues them, to the holder. It is true, the supreme court of New York, in the case of *Keith v. Jones*, 9 Johns. R. 120, and in *Judah v. Harris*, 19 Johns. R. 144, hold that notes, similar in effect to the one under consideration, are negotiable. The only ground upon which they rest their opinion is, "that current bank bills are, in conformity with usage and common understanding, regarded as cash;" and hence they infer that notes, payable in such a medium, are negotiable. However much we may respect that court, we cannot assent to this conclusion. When the statute says that such notes as are for the *payment of money* shall be negotiable, it seems to me that the word " money" is to be understood in its definite and legal acceptation, and that their negotiability is not to depend upon "usage and common understanding."

In *Lunge v. Kohne,*, 1 McCord's R. 115, it is held that a "paper medium" is not, in a legal sense, money, and that a note so payable is not negotiable. In *McCormick v. Trotter*, 10 Sarg. & Rawle's R. 94, it was held that a note, payable

Collins
v.
Lincoln.

in the notes of the chartered banks of that state, was not negotiable, and the case of *Keith* v. *Jones* was denied to be law. In *Jones* v. *Fales*, 4 Mass. R. 245, a note payable in "foreign bills" was held not negotiable. That note was executed at Boston, and the court, in giving a construction to the expression "foreign bills," as applied to that case, say they are to be taken in contradistinction to bills on the city banks in Boston. Though Ch. J. Parsons suggested that a man in business in Boston, holding a bill issued by a bank at a distance from Boston, could less easily obtain payment than he could if the issuing bank was near, and that the different facilities of procuring payment of different bills might create a difference in their value; yet this hardly seems to be a sufficient ground upon which to rest the decision. No doubt the bills of country banks contiguous to Boston, in good standing, were by "usage and common understanding" regarded as cash. The negotiability of such notes cannot depend upon the facility with which they can be converted into specie. Bills and notes must appear to be negotiable on their face, and it would contravene all established principles in relation to such paper to make them, in this respect, subject to be affected by matter *aliunde*. Though bank bills may be regarded as cash so long as they are, at the will of the holder, convertible into specie, yet, when they cease to be current, they reassume their true character. At the common law they were not regarded as property whereof larceny could be committed, but were placed on the same ground as other choses in action, and it required a statutory provision to make them the subject of larceny. *Francis* v. *Nash*, Cases Tem. Hard. 53. Leach's C. L. 468. 2 East P. C. 749. 2 Russ. on Crimes, 143. In South Carolina their statute, making it felony to steal bills of exchange and promissory notes, omits "bank bills;" yet it was held the stealing of a *bank bill* was an offence within the statute. *State* v. *Wilson*, S. C. R. 495.

Though it may be true that specie, in the hands of the debtor may be taken in execution, yet it may well be inquired whether the law is the same as to bank bills. In the case of *Francis* v. *Nash*, above cited, it was expressly adjudged that bank bills were not subject to execution, and, upon the authority of this case, that is laid down in the most of our elementary books to be the law. I am aware that a different

doctrine has been held in New York and New Hampshire, and, perhaps, some other states. The New York court base their doctrine substantially on the same ground as they do the negotiability of paper payable in bank bills. They say, "bank bills are treated *civiliter* as money, and that a tender "in them is good, unless objected to on that account."

The case of *Prentiss* v. *Bliss*. 4 Vt. R. 513, is an author- ity, and in accordance, I think, with the whole current of authorities, that money collected by a sheriff on execution is not, while it remains in his hands, subject to execution, as the property of the judgment creditor. It is immaterial wheth- er it is money, that is, specie, or bank bills.

Though it has been sometimes held that money—and by this term I understand that which constitutes a legal tender— cannot be taken on execution, because, it is said, it can not be sold; yet, it would seem, there is no good reason for such a doctrine. It is made the duty of the officer, when he levies an execution on the property of the debtor, to pro- ceed and sell the same, for the simple reason that money alone will satisfy the execution; but if he levies upon what constitutes the legal currency of the country, whence the necessity of a sale? Bank bills have no certain legal and determinate value, any more than other choses in action, and the judgment creditor cannot be required to receive them in kind. Hence there must be a necessity for a sale, and it may well be enquired why there should be a distinction between bank bills and common promissory notes and bills of exchange, and especially those which are payable to bearer, the legal ti- tle of which passes by sale and delivery. In the case of *Per- ry* v. *Coates*, 9 Mass. R. 537, it was held that a person having in his hands bank bills, the property of another, the payment of which had been refused by the bank, was not a trustee of the owner of the bills. Can the liability of bank bills to be taken in execution depend upon the fact whether the bank has refused to honor them or not? If so, it would seem that if a bank is in good credit when the bills are attached, and, be- fore sale on execution stops payment, the sheriff could pro- ceed no further. Let this question be decided, when it ari- ses, as it may, it would not vary the result in this case. Chan- cellor Kent says, in 3 Kent's Com. 74, that he thinks the

Collins
*v.*
Lincoln.

weight of argument is against the New York cases, which hold that notes, payable in current bank bills, are negotiable, and in favor of the opposite, which he understands to be the English rule. On the whole, the court are unanimously of opinion that the note in question is not negotiable. The judgment of the county court is, therefore, reversed, and a new trial granted.