Rutland.
January,
1839.

HENRY HODGES *v.* ELISHA EASTMAN.

Where process is prayed out against two persons who are declared against as joint promisors, and service is made upon one, only, the other not becoming a party in court, and evidence is given showing that the person served with process, alone, made the promise declared upon ; Held, that under the statute, passed in 1835, relating to such cases, judgment may be recovered against the person so making the promise.

The assignment of a note, not negotiable, for a valuable consideration, is a sufficient consideration for a promise of the debtor to make payment to the assignee.

In such case, the assignee may maintain an action in his own name.

In an action, brought upon such promise, evidence that the promise was made may be admitted as testimony tending to prove the execution of the note, without calling upon the subscribing witness to the note.

THIS was an action of assumpsit, commenced against the defendant and one Gleason, but no process was served upon the latter, nor did he become a party in court.

The declaration alleged, in substance, that the defendant and Gleason executed their promissory note to one Flagg, payable in grain at the plaintiff's store in Clarendon ; that Flagg, for a valuable consideration, assigned said note to the plaintiff, of which the defendant and Gleason had notice ; and, that in consideration of all this, they promised to pay to the plaintiff the contents of said note.

The county court rendered a judgment for the plaintiff and the defendant excepted.

The facts in the case will sufficiently appear from the opinion of the court.

*R. R. Thrall* for defendant.

I. The plaintiff cannot sustain the action, brought against Gleason and Eastman, in his own name, as indorsee of the note payable to Flagg, or order, in grain, upon the promise of Eastman alone to pay to the plaintiff. It is a fundamental principle of the common law that a chose in action is not assignable, so as to enable the assignee to bring a suit upon it in his own name.

II. There was no evidence of any consideration for the promise from Eastman to the plaintiff, inasmuch as the execution of the note was denied by the defendant and there was no evidence tending to prove its execution, nor the as-

signment. 16 Johns. 201. 7 Wend. 74. Bailey on Bills 504, Id. 500.

III. When there is a subscribing witness to a bond, proof of confession of the obligor is not sufficient; but the witness must be produced, or in case he is dead, or out of the state, his hand writing must be proved. *Fox & Payne* v. *Reil*, 3 Johns. R. 477.

The answer of the obligor of a bond to a bill filed for a discovery, in which he admitted the bond to have been executed by him, is only secondary evidence and cannot be received, *per se*, as evidence of the execution, without showing that due diligence had been used to discover who the subscribing witness was, who was alleged to be unknown. *Call* v. *Dunning*, 4 East. 53.

*P. Smith*, for plaintiff.

It was sufficient to prove the defendant promised to pay the note. *Gould* v. *Chase*, 16 Johns. R. 226.

The assignment of the note to the plaintiff was a sufficient consideration to support the promise to make payment to the plaintiff. *Moor* v. *Wright*, 1 Vt. R. 57. 1 Whea. Sel. 33-4. 7 Vt. R. 197.

The opinion of the court was delivered by

ROYCE, J.—It appears, by the bill of exceptions, that the plaintiff rested his case upon proof of the assignment of the note by Flagg to himself, notice thereof to the defendant, and his individual promise to make payment to the plaintiff. The evidence did not tend to show a joint promise to the plaintiff by the defendant and Gleason. It is clear, therefore, that without the aid of the statute of A. D. 1835, this defect in the proof must have defeated the action. Under that act, the failure to prove a joint promise was not, as a matter of course, fatal to the action, since, if it turned out that Gleason did not join in the promise, it would only result that he was not a party to the contract declared on, and the suit might still proceed against the defendant.

But the right of recovery is resisted upon two additional grounds:—the want of consideration for the promise declared on; and because the county court did not require the legal kind of testimony to prove the execution of the note. As the execution of the note is alleged as part of the consi-

deration for the promise, the second objection will be first considered.

It appears, from the case, that the court allowed the plaintiff to proceed upon the defendant's admission that the note was genuine, without calling the subscribing witness thereto. And it is insisted that, in this, they manifestly .erred. The rule requiring the testimony of the subscribing witness to an instrument, in preference to all other kinds of evidence, in proof of its execution, is founded on a presumption that he was selected to be a witness, not merely to the facts of signing and delivery, but also of those attendant circumstances, or *res gesta*, which might, perhaps, affect the legal validity of the instrument. As an indispensable rule, it would therefore seem to be limited to those cases where the party producing the instrument is to vindicate and support its validity. But there are many cases where an admission of the debt, and a promise of the debtor to a new party, are held to preclude him from disputing the original validity of his contract. Such is the case of a usurious note in the hands of a subsequent *bona fide* holder, and a promise of payment made by the debtor to him. And such, by obvious analogy, was the present case. The defendant's promise to pay to the plaintiff authorized the latter to rely upon the claim as indisputable. He may thereby have lost his remedy over upon Flagg, should the note be now impeached. But, as the case states that the note was not shown to the defendant when he made the promise, and as it does not appear that he had previously seen it in the plaintiff's possession, we are not disposed to hold that the fact of the execution was conclusively settled by the admission and promise. It is sufficient to say that, in this action, upon the secondary promise, the defendant's admission was properly treated as evidence tending to prove the execution of the note.

The promise, now sought to be enforced, was not founded upon any new consideration, such as forbearance or the like, but rested upon the moral obligation of the defendant to make payment to the plaintiff, who had become the assignee and owner of his note. That such an obligation is a sufficient consideration to sustain an express promise of the debtor, when the assignment is *bona fide*, was very fully de-

termined in the cases of *Moar* v. *Wright*, 1 Vt. R. 57, and *Bucklin* v. *Ward*, 7 Vt. R. 195, and must be regarded as settled law in this state.

Judgment of the county court affirmed.