Essex,
March,
1840.

JOHN DEWEY *v.* DANIEL WASHBURN.

A contract in the form of a promissory note, although payable in specific articles, may be declared upon as a promissory note.

In declaring upon such note, made payable at a given time and place, it is not necessary to aver that the plaintiff was ready at the time and place, to receive payment.

A promissory note may be declared upon in the manner of declaring upon specialties.

THE plaintiff declared,in assumpsit," that the defendant, on the 22d day of May,1838,at Guildhall aforesaid,by his promissory note,of that date, for value received,made under his hand in writing, promised the plaintiff to pay him or order the sum of fifty-seven dollars in good merchantable hay, wheat, oats, rye, buckwheat or barley, at cash price, to be delivered on or before the first day in June next after date."

There was a second count differing from the first only in describing the instrument declared upon as a " writing obligatory."

The breach was alleged as follows : " yet the said Daniel .Washburn, though often requested, hath not paid the same, but wholly neglects and refuses so to do."

To this declaration there was a general demurrer and joinder.

The county court adjudged that the declaration was sufficient, and that the plaintiff recover his damages and costs; to which the defendant excepted.

*S. Cushman,* for defendant, insisted that the declaration was bad.

1. Because there was no averment that the time limited for the delivery of the articles had elapsed.

2. Because there was no averment of plaintiff's readiness to receive said articles.   2 Swift's Dig. 505.

*W. Heywood,* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.—The defendant, in this case, insists that the plaintiff's declaration is bad on general demurrer.   A promissory note or bill of exchange has long been considered an instrument in the nature of a specialty, importing on its face a consideration, and which, according to the custom of merchants, might be declared upon, without setting forth

any consideration for the promise in the instrument. But any reference to the custom, in the declaration, is unnecessary. *Erskine* v. *Murray*, 2 Lord Raymond, 1542. So it is unnecessary to raise a regular assumpsit. *Brown* v. *Harraden*, 4 Term R. 155. It was decided by this court, many years since, that a declaration upon a promissory note, in this form, was good. *Binney et al.* v. *Plumley*, 5 Vt. R. 500. The authorities upon this subject, are there very fully considered, and it is not deemed necessary to make any comments thereon. It is true, indeed, that the paper declared upon in this case, is not strictly a promissory note, and at common law, would not be so treated. But contracts of this form, although payable in specific articles, have, by common consent, and by repeated decisions of the courts, been treated in this state, many years, as promissory notes, so far as the form of the declaration is concerned. *Brooks* v. *Page*, 1 D. Chipman's R. 340. In the case last cited, indeed, it was held, that in declaring upon a contract, like the one under consideration, it was necessary for the plaintiff to aver in his declaration, *that he was ready at the time and place of payment to receive pay ;* but that is not now the rule. It is now settled that the defendant may discharge his contract by a tender at the time and place of payment, and that he is bound to do so, whether the payee attends or not. *Barney* v. *Bliss*, 1 D. Chipman's R. 399. So that the present declaration is sufficient.

Judgment affirmed.