#### FOR THE

## COUNTY OF WINDHAM.

### FEBRUARY TERM, 1850.

---

PRESENT,

Hon. ISAAC F. REDFIELD,  
Hon. DANIEL KELLOGG,  
Hon. HILAND HALL,  } ASSISTANT JUDGES.  
Hon. LUKE P. POLAND,

---

GATES PERRY *v.* FRANCIS SMITH.

By the law of this state, the obligation of the maker of a promissory note for a sum certain, payable in specific property at a day named, when payment is not made at the day, is not a liability in damages for the non-fulfilment of the contract, but a mere duty to pay money.

And the amount due upon a note of this description, after the day of payment has passed without delivery of the specified property, may be recovered by the payee in an action for money had and received.

Where controversy was had between the parties, upon trial, in reference to the quality of certain wool, and a witness was called, by the defendant, to testify as to the quality of certain wool which was shown to him by a third person, in whose care the wool in question was, and it appeared, that the only knowledge, which the witness had, that the wool seen by him was the wool in controversy, was, founded upon the declaration of such third person to him, that such was the fact, and no other testimony, to prove the identity, was offered, it was held, that the witness was properly excluded by the county court.

A promissory note, payable in "half blooded merino wool," is not answered by the delivery of wool, of which a portion is of a less degree of fineness than half blooded merino, and an equal portion is of a greater degree of fineness than the standard, so that the whole quantity, taken together, would be of the average degree of fineness required. All the wool delivered must be at least of the degree of fineness required by the contract.

INDEBITATUS ASSUMPSIT for money had and received, money paid, and money lent. The defendant pleaded the general issue, and also pleaded in bar the delivery of certain wool for the plaintiff at Paine's factory in Northfield,—which latter plea was traversed, and issue was joined. The plaintiff, in his specification, claimed to recover the interest, from April 1, 1847, to April 1, 1848, upon a note for $500, hereinafter described. The writ was dated June 6, 1848. Trial by jury, April Term, 1849,—KELLOGG, J., presiding.

On trial the plaintiff gave in evidence the note described in his specification, which was signed by the defendant, dated November 18, 1839, and was in these words,—" For value received of Gates " Perry, I promise to pay him, or his order, five hundred dollars, to " be paid in half blooded merino wool, in good order, to be deliv- " ered at Paine's Factory in Northfield, Vermont, at two shillings " and six pence per pound, and to be paid by the first day of April, " 1850, with interest annually, the interest to commence the first " day of April next." There were indorsements upon the note, showing the payment of the interest to April 1, 1847. To the admission of this evidence the defendant objected, on the ground that it did not support the declaration, and that the plaintiff should have declared specially upon the contract; but the objection was overruled by the court.

The defendant then introduced testimony tending to prove, that on the first day of April, 1848, he delivered, at Paine's factory in

Northfield, to one Smith, the clerk at the factory, wool correspond-
ing in quantity, quality and condition with that described in the
note, and that it was weighed and put in sacks by Smith, and the
name of the plaintiff marked upon the sacks, and that it was left at
the factory for the plaintiff. Testimony was given upon both sides
as to the quality of the wool so delivered. Among other testimony
the defendant offered James Currier as a witness, to prove, that he
had examined the wool, when exhibited to him by Smith at the fac-
tory, and to show its quality. To this witness the plaintiff objected,
on the ground that it was incumbent upon the defendant, by other
evidence than the declarations of Smith to Currier, to prove the
identity of the wool so exhibited to Currier with the wool delivered
by the defendant ;—and the court sustained the objection and ex-
cluded the witness.

After the jury had retired to consider of their verdict, they
returned into court, and requested instructions, whether, if they
found, that two or three fleeces of the wool delivered were coarser,
and other fleeces to an equal amount finer, than half blood merino,
it was to be deemed a compliance with the contract ; and the court
instructed them, that the delivery of such wool would not be in
conformity with the contract.

Verdict for plaintiff. Exceptions by defendant.

*W. C. Bradley* for defendant.

The defendant contends, that the action was misconceived. *Wil-
son* v. *George,* 10 N. H. 445. *Burnap* v. *Partridge,* 3 Vt. 144.
*Lee* v. *Merrett,* 8 Ad. & E., N. S., [55 E. C. L.] 820. The testimony
of James Currier should have been received, and have been consid-
ered by the jury. The charge should not have been, that if the
jury found two or three fleeces coarser and an equal amount finer
than half blood merino, it would not satisfy the contract ; but it
should have been, that if they found, that the whole, taken together,
was equal to half blood merino, it would satisfy it, and otherwise
not ;—for the contract is not respecting *fleeces* of wool, as such, but
a certain *amount* of half blood merino wool, in good order ; and the
term "half blood" is not here descriptive of race, but of quality in
all respects, when taken collectively ; and what amounts to this is
not a question of law, but of fact, for the jury.

*C. J. Walker* and *G. W. Kellogg* for plaintiff.

Originally the use of the money counts was much more restricted, than at present. Although under the count for money lent it is laid down, that *money* must actually be loaned to the defendant by the plaintiff, yet it has been held, that a due bill in these words,—" Due A. B. $80 on demand,"—sustains the action; *Hay* v. *Hyde*, 1 D. Ch. 214. So, to sustain a count for money paid, it is said money must have been paid by the plaintiff; Chit. on Cont. 591; yet where a surety has given a note in satisfaction of the principal debt, he may recover under this count; *Lapham* v. *Barnes*, 2 Vt. 217; *Pearson* v. *Parker*, 3 N. H. 366. So, where the surety has paid the debt in land; *Ainslie* v. *Wilson*, 7 Cow. 662; *Randall* v. *Rich*, 11 Mass. 498. To sustain a count for money had and received, it is said the defendant must have received money, as cash,—not merely money's worth; Chit. on Cont. 602; yet where promissory notes have been received by the defendant, this count has been sustained, although they have not been converted into money; *Willie* v. *Green*, 2 N. H. 333; *Floyd* v. *Day*, 3 Mass. 403; *Clark* v. *Pinney*, 6 Cow. 297; so, where an attorney has received a deed of land in satisfaction of his client's execution; *Beardsley* v. *Root*, 11 Johns. 464; *Miller* v. *Miller*, 7 Pick. 136. The principle of these decisions is well stated in *Wheat* v. *Norris*, 13 N. H. 178. Where anything is received under such circumstances, that, as between the parties, it is to be deemed as money, the action may be maintained; *Ib.; Burnap* v. *Partridge*, 3 Vt. 146. Thus an account stated is evidence under a count for money had and received; *Filer* v. *Peebles*, 8 N. H. 230. Thus an action for money had and received may be maintained for money due upon a note, or bill; Chit. on Bills 580; *Hughes* v. *Wheeler*, 8 Cow. 77; and this even between the indorsee and indorser; *Tenney* v. *Sanborn*, 5 N. H. 557; *State Bank* v. *Hurd*, 12 Mass. 172; *Ellsworth* v. *Brewer*, 11 Pick. 320; *Dinsdale* v. *Lanchester*, 4 Esp. 201; *Wilson* v. *George*, 10 N. H. 446; and this upon the legal presumption, that at each indorsement, a pecuniary consideration passes; 4 Esp. R. 201; 11 Pick. 319. Sometimes this has been put upon the ground, that the note furnishes evidence, that it is founded upon a pecuniary consideration; *Hughes* v. *Wheeler*, 8 Cow. 77; *Saxton* v. *Johnson*, 10 Johns. 420. The sounder reason appears to be, because the note

shows, that there is a sum of money due from the maker, which may well be considered money in his hands to the use of the payee, or indorsee; *Wilson* v. *George*, 10 N. H. 446; *Young* v. *Adams*, 6 Mass. 189; *Payson* v. *Whitcomb*, 15 Pick. 216; *Pierce* v. *Crafts*, 12 Johns. 93; *Smith* v. *Van Loan*, 16 Wend. 660. It is for this reason, that our courts hold, that if a contract contain nothing special, except as to the time and mode of payment, and the time have expired, there is no necessity of declaring specially; *Way* v. *Wakefield*, 7 Vt. 228; *Stevens* v. *Talcott*, 11 Vt. 29; *Mattocks* v. *Lyman*, 16 Vt. 118. And accordingly it has been held, that notes payable in specific articles may be treated, so far as the declaration is concerned, as promissory notes, although otherwise at common law; *Dewey* v. *Washburn*, 12 Vt. 580; *Wainwright* v. *Straw*, 15 Vt. 219; *Denison* v. *Tyson*, 17 Vt. 549. In *Brooks* v. *Hubbard*, 3 Conn. 58, it was held, that a note for $250, payable in specific articles, was the acknowledgment of a debt for that sum, with an option in the promissor to pay it in a particular way; and he having failed to take advantage of it, the promise was to be regarded as a naked agreement to pay money. Sedgw. on Dam. 242. *Pinney* v. *Gleason*, 5 Wend. 393. Chip. on Cont. 34. *Denison* v. *Tyson*, 17 Vt. 549. And in the following cases it has been held, that a note payable in specific articles may be given in evidence under the money counts; *Smith* v. *Smith*, 2 Johns. 235; *Saxton* v. *Johnson*, 10 Ib. 418; *Walrad* v. *Petrie*, 4 Wend. 375; *Crandal* v. *Bradley*, 7 Ib. 311; *Young* v. *Adams*, 6 Mass. 189; *Wainwright* v. *Straw*, 15 Vt. 219. The fact, that the sum sued for is the interest upon a larger sum, not then due, cannot affect the principle of pleading; *Wilson* v. *George*, 10 N. H. 446.

The testimony as to the declarations made by Smith to Currier was clearly hearsay. 1 Greenl. Ev. §§ 99, 113, 123, 124.

The charge was correct. Wool coarser than half blood merino could not answer upon a contract for half blood merino.

The opinion of the court was delivered by

POLAND, J. The general doctrine, that money due upon a promissory note, whether principal or interest, may be recovered under a general declaration in assumpsit for money had and received, is too well settled at the present day, to admit of any doubt, or to require

Perry *v.* Smith.

any discussion. The defendant insists, that this doctrine does not obtain in the case of notes payable in specific articles, which are not negotiable, and are not considered as technical "promissory notes." In England, where these contracts for the payment of specific articles are placed by the courts upon the footing of mere special contracts, and are not considered as partaking in any sense of the nature of "promissory notes," this position might with great propriety be maintained. There it has always been held, that the declaration upon such written instruments must be special; and the plaintiff is held bound to set forth the particular consideration, upon which the same was executed, and, upon trial, to prove the same, even though the instrument contain the words "for value received."

In this country, and especially in this state, notes of this character have received an entirely different consideration. The form of declaring upon them is the same as upon negotiable notes for the payment of money; and the words "for value received" are treated as furnishing the same *prima facie* evidence of a sufficient consideration, as in actions on negotiable notes. So, too, when the payee of a note of this character indorses it in blank, the law implies a liability of the same character, and to the same extent, as upon a blank indorsement of a negotiable note.

In short, by an uninterrupted series of decisions in this state, notes payable in specific articles of property, after the time of payment has elapsed, seem to stand in much the same condition, as notes payable in money, except in their lack of negotiability. After the time of payment mentioned in the note has elapsed, or, to use the common and uniform phrase of the community, after the note has "run into money," it is considered purely as an *obligation* for the payment of money alone, and a fixed and determinate sum; and in no sense is such a note considered as merely evidence of a special contract for the delivery of a certain quantity of specific property, or the holder's right and interest in it as a mere claim, or right, to recover damages of the maker for not having delivered it, agreeably to the contract. Before such a note falls due by its terms, the maker is considered as having an option to pay it in the particular currency, or property, mentioned; after it becomes due, this option is gone, and it has become an absolute engagement for the payment of money. The maker of such a note, which has become due by its

own terms, has the same right to make a tender of the amount, either before or after suit brought, or to bring money into court upon it, as in the case of a note originally payable in money. The following are some of the cases, in which the law in relation to this class of notes has been settled in this state. *Meed* v. *Ellis*, Brayt. 203. *Brooks* v. *Page*, 1 D. Ch. 340. *Dewey* v. *Washburn*, 12 Vt. 580. *Aldis et al.* v. *Johnson*, 1 Vt. 136. *Way* v. *Wakefield*, 7 Vt. 228. *Wainwright* v. *Straw et al.*, 15 Vt. 219. *Denison* v. *Tyson*, 17 Vt. 549.

The defendant in this case, in order to establish the position, that a note payable in specific articles cannot be recovered under the general money counts, relies mainly upon the case of *Wilson* v. *George*, 10 N. H. 445. The action in that case was assumpsit for money had and received. The plaintiff sought to recover the amount *of a note, signed* by the defendant, for eleven dollars and twenty two cents, payable in wheelwright's work, on demand. The plaintiff proved a demand of the work, and that the defendant had neglected to deliver it. The court decided, that the action could not be sustained; and the case is a full authority for the defendant in this case. The opinion of the court was delivered by Ch. J. PARKER, and is a lengthy and learned argument upon the question involved. The whole argument is based upon what is assumed to be the doctrine in that state, in relation to notes payable in specific articles, that, after the time of payment has elapsed, the obligation of the maker is not a mere duty to pay money, but a liability in damages for the non-fulfilment of his contract. Admitting this to be the correct view of the rights and liabilities of the parties to such a note, we should find no difficulty in arriving at the same conclusion with Ch. J. PARKER; for no principle is better settled, than that damages for the breach of a special contract cannot ordinarily be recovered under the general money counts. But, as already stated, an entirely different doctrine has obtained in this state in reference to this class of notes, and has been too long and too well settled, to be now departed from.

In some of the cases, where it has been decided, that money due upon a promissory note may be recovered under a count for money had and received, the reason given is, that the note furnishes evidence, that it is founded upon a pecuniary consideration; in others

the reason given is, that the note shows, that there is a sum of money due from the maker, which may be treated as money in his hands, to the use of the payee. In either view we are unable to see, why the note in the present case would not support the declaration. The note itself furnished the same evidence of consideration, as is furnished by a negotiable note; and after the maker had neglected to pay the wool, according to its terms, it became an absolute obligation for the payment of a certain sum of money.

In the state of New York, where the distinction between negotiable notes and those for the payment of specific articles is still kept up to a far greater extent than in this state, repeated decisions have been made, allowing notes payable in specific articles to be recovered under the general counts. *Smith* v. *Smith*, 2 Johns. 235. *Saxton* v. *Johnson*, 10 Ib. 418. *Crandal* v. *Bradley*, 7 Wend. 311. In the state of Massachusetts, also, in the case of *Young* v. *Adams*, 6 Mass. 182, it was decided, that assumpsit for money had and received might be maintained upon a note payable in *foreign bills*. That such a note is not negotiable, and stands upon the same ground as a note for any other specific property, see *Jones* v. *Fales*, 4 Mass. 245; *Collins* v. *Lincoln*, 11 Vt. 268.

In relation to the exclusion of the evidence of the witness Currier, who was offered by the defendant, it appears by the exceptions, that the witness was called to testify as to the quality of a quantity of wool, shown to him by one Elijah Smith. It was necessary for the defendant, in order to make this evidence available, to show, also, that the wool shown the witness by Smith was the very wool, which the defendant had tendered upon the note, and about which the parties were in litigation. This fact, it seems, the witness did not know, and the defendant had no other proof to establish it, except the declaration of Smith to the witness. This, of course, was mere hearsay, and could not be received as evidence; and as the defendant furnished no other proof of the identity, we think the evidence was properly excluded.

The defendant's objection to the instructions of the court to the jury, in answer to their inquiry, seems to us to be founded in a misconception of its purpose and meaning. It is assumed, that the jury were instructed, that, in order to enable the defendant to pay his note, according to its terms, he must have delivered fleeces of wool

of precisely and exactly the same quality and fineness,—which, it is argued, would be impossible for him to do, and that all that the defendant was bound to do, was to furnish wool, which should fairly and reasonably answer the description and quality called for by the note, viz., " half blooded merino wool."

If the instructions to the jury had been such, as are assumed, and the duty of the defendant narrowed to such a strict limit, we should by no means be prepared to sustain them; but on a careful inspection of the exceptions in this respect, we do not find such a rule to have been given to the jury. Their inquiry was based upon the supposition, that a portion of the wool tendered did not fairly and reasonably answer the quality and fineness required by the note, and an equal amount of the wool was of a finer and better quality, than the note required. The jury inquired, whether, in case they found such to be the state of facts, they could average the quality of the wool, and the court told them, they should not, and that all the wool must be of the quality, which the defendant had contracted to pay. We think the soundness of the answer given to the jury, to their inquiry, cannot be at all doubted, and that to hold otherwise, and say, that the defendant might discharge his contract in part by a species of property, which the plaintiff had not contracted to receive, if the defendant were willing to pay the residue in property which was better than he contracted to pay, would be trifling with terms and stipulations, which the parties themselves have chosen to make. The judgment of the county court is affirmed.