### BENJAMIN F. GOSS *v.* BARKER & HAIGHT.

Form of a sufficient declaration upon an order, accepted by the defendants, which is contingent as to their ultimate liability, and as to the amount which may be due upon it.

ASSUMPSIT. The plaintiff declared against the defendants in these words :—

" For that whereas, heretofore, to wit, on the eleventh day of ' March, A. D. 1846, to wit, at Middlesex, in the county of Wash- ' ington, one John Diamond entered into a certain contract with the ' said Barker & Haight, whereby the said John became obligated ' to the said Barker & Haight to execute, construct and finish, on ' or before the first day of July, A. D. 1847, in every respect in the ' most substantial and workmanlike manner, and to the satisfaction ' and acceptance of the engineer of the Vermont Central Rail Road ' Company, the grading and masonry work on section seven, so ' called, on Brown's division, so called, of the Vermont Central Rail ' Road, commencing at the western termination of the section of ' said road, which, on the day and year last aforesaid, was under ' construction by said Barker & Haight, and running one mile, or ' section, westwardly, or down Onion River, on the line located, or ' to be located, for the construction of said rail road, at a certain ' price to be paid therefor by the said Barker & Haight: and

' whereas the said Barker & Haight, on the day and year last
' aforesaid, at Middlesex aforesaid, became obligated and then
' and there agreed, on condition of the fulfilment by the said
' Diamand of his said contract, that the said engineer would, be-
' tween the first and tenth days of each month after the com-
' mencement of the said work by the said Diamand, estimate the
' quantity of work which had been done, prior to the time of the
' making of said estimate, by the said Diamand, and that the
' amount, which should then and there be due to the said Diamand
' for said work, excepting ten *per cent.* thereon, which might be re-
' tained, should thereupon be then and there paid to the said Dia-
' mand, and that when the whole of said work should have been
' done and completed and accepted agreeable to the said contract,
' that the balance, which should be due for said work, should be
' paid to the said Diamand, his heirs, executors, or assigns, with a
' proviso in said contract, that no estimate should be made within
' one month after commencement of the said work by the said Dia-
' mand ; and whereas afterwards, to wit, on the 20th day of March,
' A. D. 1846, the said Diamand commenced the said work of con-
' structing the said section of said rail road and continued the said
' work for a long time, to wit, until the first day of July, A. D. 1846,
' to wit, at Waterbury, in the county of Washington ; and the
' plaintiff avers, that on the 24th day of June, A. D. 1846, at Water-
' bury aforesaid, the said John Diamand became and was indebted
' to the plaintiff in a large sum of money, to wit, the sum of one
' thousand dollars, for divers goods, wares and merchandize by the
' plaintiff before that time sold and delivered to the said Diamand,
' at his special instance and request, and being so indebted he, the
' said Diamand, in consideration thereof, on the day and year last
' aforesaid, at Waterbury aforesaid, drew his order in writing under
' his hand, of that date, directed to the defendants by the name of
' their said firm of Barker & Haight, therein and thereby requesting
' and directing the said defendants, by the name of their said firm
' of Barker & Haight, to pay the plaintiff, by the name of B. F.
' Goss, or his order, the amount of the said Diamand's monthly esti-
' mate, as the same should become due, as aforesaid, and the plaintiff
' thereafterwards, to wit, on the same day and year last aforesaid,
' presented the said order to the said Barker & Haight, for their
' acceptance, who then and there accepted the same, whereby they,
' the said Barker & Haight, became liable, and in consideration
' thereof then and there promised the plaintiff, to pay him the
' amount of the said monthly estimates, according to the tenor of
' the said order ; and the plaintiff farther avers, that afterwards, to
' wit, on the 27th day of June, A. D. 1846, at Waterbury aforesaid,
' the said engineer made an estimate of the quantity of work, which
' had been done, prior to the time of the making of said estimate, by
' the said Diamand, on the said section seven of said rail road, and

' that the money, which then and there became and was due to the
' plaintiff, amounted to a large sum, to wit, the sum of sixteen hun-
' dred and seventy dollars, whereby they, the said Barker & Haight,
' became liable and in consideration thereof then and there promised
' the plaintiff to pay him the said sum of sixteen hundred and sev-
' enty dollars, when they should be thereto afterwards requested.
' Yet, though often requested, the said Barker & Haight have never
' paid the same, but wholly neglect and refuse so to do."

After verdict for the plaintiff the defendants filed a motion in arrest of judgment for the insufficiency of the declaration ; which motion was overruled by the court and judgment rendered upon the verdict. Exceptions by defendants.

*C. W. Prentiss* for defendants.

The objection to the declaration is, that it is a declaration on a bill of exchange, when in fact the instrument declared on is but an agreement, and not a bill, inasmuch as it is not for any sum of money, and is payable on a contingency. Chit. on Bills, 132–139. Byles on Bills, 6–10. Story on Prom. Notes, 19–32. 2 B. & P. 413. 1 Cow. 691. 6 Cow. 108, 151. 9 E. C. L. 373. 26 E. C. L. 193. 3 Kent, 73–76. The instrument declared on is not a bill of exchange, because it is payable out of a particular fund, and dependent on the sufficiency of that fund ; it is not payable for any sum of money, nor for money ; and it is payable on the contingency, that the estimates should become due. No consideration for the acceptance is set forth in the declaration. Being a mere agreement, a consideration should have been set forth specially. 1 Chit. Pl. 295. No value received is alleged.

*O. H. Smith* and *P. Dillingham* for plaintiff.

The rule of law in relation to a motion in arrest is, that if the declaration, or plea, is so defective, that the merits cannot be considered as having been determined, the motion must prevail. But if the issue determines the right, and substantial justice has been done, the court will not, after verdict, arrest the judgment, although the declaration, or plea, might have been bad on demurrer. By taking issue on the declaration, or plea, and consenting to go to trial, the party must be considered as having waived all objections to the proof of the facts ; and the facts constituting a cause of action, or defence, in equity, and the issue determining the right, there

is no reason, why judgment should not be rendered on the verdict. *Barney* v. *Bliss*, 2 Aik. 60. 1 Chit. Pl. 401. It is now well settled, that a court of law will protect a right in equity, and that a right in equity is a good consideration to support a promise. *Harrington* v. *Rich*, 6 Vt. 666. *Stiles* v. *Farrar*, 18 Vt. 444. It seems to be equally well settled, that a draft by the creditor on his debtor, in the form of a bill of exchange, to the amount of the debt, or the whole fund in his hands, is a good and valid assignment of the debt, or fund. *Crocker et ux.* v. *Whitney*, 10 Mass. 316. *Cutts* v. *Perkins*, 12 Mass. 206. *Robbins* v. *Bacon*, 3 Greenl. 346. *Gibson* v. *Cook*, 20 Pick. 15. *Crowfoot* v. *Gurney*, 9 Bing. 372. *Perry* v. *Harrington*, 2 Met. 368. *Taft* v. *Aylwin*, 14 Pick. 336. *Blin* v. *Pierce*, 20 Vt. 25.

The opinion of the court was delivered by

REDFIELD, J. The only question much urged, in the argument of this case, is, whether the contract declared upon is a bill of exchange, and may be declared upon as such. We feel very certain, that upon this point the case is clearly with the defendant. A contract, although payable in money, if its obligation depend upon any contingency, even as to the amount ultimately due, cannot be regarded either as a promissory note, or bill, so as to be strictly negotiable. This principle is too familiar, and too elementary, to require to be substantiated by authority. If any were needed, those cited at the bar are ample, and all the books upon this subject abound in them.

But we do not regard the present declaration as coming within the rule. This declaration sets forth the entire transaction, the original indebtedness of all parties, very much in detail, the drawing of the order, the conditional acceptance, the happening of the contingency, by which the acceptance became absolute, and then the formal *assumpsit* is raised. This is no more like a declaration upon a bill of exchange, than is every declaration in assumpsit. And it seems to us, that if the transaction will give an action in favor of the present plaintiff, this declaration is quite sufficient, either upon motion in arrest, or general demurrer. We do not well perceive, how it can be said, that any substantial fact is omitted. The consideration for the promise is certainly as full as it is in any

case of the promise to pay any debt to a third person, not originally due to him. And that such a consideration is sufficient is fully settled in *Moar* v. *Wright*, 1 Vt. 57; *Hodges* v. *Eastman*, 12 Vt. 358.

But if the original indebtedness be a promissory note, this collateral promise does not attach to it, as such, but must be specially declared upon, as in the present case. Here the same thing is effected through what is commonly called, by the people of this state, " an order," which is a species of contract about as far removed from the inland bill of exchange of the common law, as are our cattle and grain contracts from promissory notes. The latter class of contracts, it has been held in this state, may be declared upon as promissory notes. *Brooks* v. *Page*, 1 D. Ch. 340. *Dewey* v. *Washburn*, 12 Vt. 580. The cases cited from the Massachusetts Reports seem to us fully to justify this action, in its present form. *Perry* v. *Harrington*, 2 Met. 368. *Gibson* v. *Cooke*, 20 Pick. 15. And the late English cases cited, or to which we have referred, raise no doubt whatever in regard to the perfect propriety of the declaration, both in form and substance. *Crowfoot* v. *Gurney*, 23 E. C. L. 309. *Jones* v. *Simpson*, 2 B. & C. 318. *Dixon* v. *Hatfield*, 2 Bing. 439, [9 E. C. L. 471.]

Judgment affirmed.