### JOHN SMILIE *v.* SIMON STEVENS.

*Assignment.    Chose in Action.    Consideration.*

In an action by the assignee of a *chose in action* not negotiable, against the maker, upon a special promise to the plaintiff to pay him as assignee, the particular consideration for the transfer as between the plaintiff and assignor, need not be alleged in the declaration: it is enough if it is averred that by the transfer the plaintiff became the sole owner. Whether the transfer was by purchase for a valuable consideration, or by way of gift, is immaterial to the validity of the defendant's promise, if thereby the plaintiff became the absolute owner.

ASSUMPSIT. Heard on demurrer to the declaration, at the December term, 1867, STEELE, J., presiding. Demurrer overruled. Declaration adjudged sufficient, and judgment rendered for the plaintiff. Exceptions by the defendant to the ruling of the court.

The demurrer extended only to the first count of the amended declaration, which was as follows:

" Also, in a further plea of the case, for that the defendant, at New York, to wit, at St. Johnsbury, on the 17th day of August, 1865, by his certain other certificate of deposit of that date by him subscribed, which said certificate of deposit is in the words and figures following, to wit:

' $500.                                New York, August 17, 1865.

I certify that James Smilie, Jr., has deposited with me five hundred dollars payable to his order on demand, with interest from February 15, 1864, on return of this certificate and my guarantee of his note to his brother, John Smilie, dated February 15, 1864, for the sum of five hundred dollars.           SIMON STEVENS,'

promised one James Smilie, Jr., to pay to his order five hundred dollars on demand, with interest from the 15th day of February, 1864, on the return of the said certificate and the guarantee of him, the said Simon Stevens, of the note of the said James Smilie, Jr., to the brother of him, the said James Smilie, Jr., to wit, John Smilie, the plaintiff, dated February 15, 1864, for the sum of five hundred dollars, and, the said James Smilie, Jr., having, on the first day of September, 1865, indorsed and delivered the said certificate of deposit to the plaintiff, who thereby became and was the sole owner thereof, and was on the day of the date of this writ, and still is, such sole owner thereof, and ordered in writing, by him, the said James Smilie, Jr., subscribed upon the said certificate, the contents thereof to be paid to the plaintiff, of which the defendant then and there had due notice, the defendant then and there, in consideration thereof and in consideration of the sum of five hundred dollars which the defendant then and there had of the plaintiff's money, undertook, and specially promised the plaintiff, to pay him the same sum of five hundred dollars and interest thereon, according to the tenor of said certificate ; and the plaintiff avers that he, to wit, on the 9th day of September, 1865, at Barnet, to wit, at St. Johnsbury, tendered to the said Simon Stevens the return of the said certificate of deposit and the said guarantee of him, the said Simon Stevens, of the note of the said James Smilie, Jr., to him, the said plaintiff, dated the 15th day of February, 1864, for the sum of five hundred dollars. Yet the said Simon Stevens, not regarding his said promise to the plaintiff, has never paid the plaintiff the said sum of five hundred dollars and interest, or any part thereof, but neglects and refuses so to do."

The defendant set forth, as causes of demurrer, that said instrument declared upon in the first count of the amended declaration, is not a negotiable instrument, so that said John Smilie can sustain

a suit thereon in his own name, and, secondly, that no sufficient consideration is set forth in said first count to sustain the promise relied upon in said count.

*Bliss N. Davis,* for the defendant.

No sufficient consideration is averred for a special promise. Averring that James Smilie indorsed and delivered the said certificate of deposit to the plaintiff, imports no title. No consideration for the delivery is averred, and, for all that appears, the plaintiff was trustee for said James. The instrument being not negotiable, the plaintiff must set up a title and prove it. The indorsement in writing of such an instrument was of no sort of consequence, and adds nothing to the plaintiff's title.

*Leslie & Rogers,* for the plaintiff.

No question was made in the county court, except as to the sufficiency of the first count in the amended declaration, and no other will now be entertained. It is well settled that the assignee of a note not negotiable, may maintain an action thereon in his own name, if the debtor has promised to make payment to him. The count in question sufficiently sets forth a special promise from the defendant to the plaintiff, and is sufficient under general demurrer. *Moar* v. *Wright,* 1 Vt., 57 ; *Bucklin* v. *Ward,* 7 Vt., 195 ; *Hodges* v. *Eastman,* 12 Vt., 358.

The opinion of the court was delivered by

PECK, J. It would appear from the pleadings and exceptions in this case, that the demurrer was to the first count in the declaration, but it is conceded that the demurrer is only to the first count of the *amended* declaration. The sufficiency of this count is the only question presented.

The objection to that count is that no sufficient consideration is alleged to sustain the defendant's promise. The plaintiff declares as assignee of a chose in action, negotiable in form, but not so in law by reason of a contingency or condition contained in the instrument, which destroys its negotiability, and alleges a special promise to the plaintiff to pay to him as assignee or in-

dorsee. It is insisted that, in order to enable an assignee of a chose in action not negotiable, to maintain a suit upon a promise to the assignee, it must appear that the assignee paid a consideration for the assignment. It is insisted on the part of the defense, that the declaration alleges the promise to have been made in consideration of. the indorsement of the instrument to the plaintiff; and it is urged that this is insufficient, as the plaintiff may have paid nothing for the instrument and may have no interest in it, but may hold it as the mere agent or servant of the payee, the assignor. On reference to the declaration, it will be seen that this objection is not well founded in fact. The allegation on this point is this: "And, the said James Smilie, Jr., having, on the first day of September, 1865, indorsed and delivered the said certificate of deposit to the plaintiff, who thereby became and was the sole owner thereof, and was on the day of the date of this writ, and still is, such sole owner thereof, and ordered in writing, by him, the said James Smilie, Jr., subscribed upon the said certificate, the contents thereof to be paid to the plaintiff, of which the defendant then and there had due notice, the defendant then and there, in consideration thereof and in consideration of the sum of five hundred dollars which the defendant then and there had of the plaintiff's money, undertook, and specially promised the plaintiff, to pay him the same sum of five hundred dollars and interest thereon, according to the tenor of said certificate." Under this allegation, the defendant's promise does not rest solely on the naked indorsement and delivery of the instrument to the plaintiff by James Smilie, Jr.; it rests also on the averment that by that transfer the plaintiff became and was the sole owner of the demand. The particular consideration for the transfer as between the plaintiff and the assignor, need not be alleged: it is enough, that it is averred that by that transfer the plaintiff became the sole owner. Should it become material on trial, in proving the plaintiff's title, to show a consideration and what that consideration was, it will be matter of evidence that need not be spread out in pleading. Not so great particularity is required in such introductory averments, even when material, as in the allegation of the contract between the plaintiff and the defendant, on which

the action is directly founded. Nor is it material to the validity of the defendant's promise, that there should be any pecuniary or valuable consideration for the transfer. Whether the transfer was by purchase for a valuable consideration, or by way of gift, is immaterial to the validity of the defendant's promise, if thereby the plaintiff became the absolute owner. It is enough, that he owned and still owns it; and that is sufficiently alleged. The consideration of the defendant's promise as alleged, would therefore be sufficient, had the pleader omitted the words " *and in consideration of the sum of five hundred dollars which the defendant then and there had of the plaintiff's money.*" If this averment refers to an additional five hundred dollars, other than that specified in the instrument, it adds another valuable consideration; but if it refers to the same five hundred dollars named in the instrument, as it probably does, it is not an inappropriate legal conclusion from the other facts alleged. In either view, although not necessary to the legal sufficiency of the declaration, this averment can not prejudice it. This count in the declaration is sufficient, and, as the pleadings stand, the judgment must be affirmed.

As the defendant moves for leave to replead, he is allowed to do so under the general rule as to costs, and for that purpose the judgment is *pro forma* reversed, and case remanded.

