Roberts *v.* Smith.

We hold, therefore, that the imprisonment of the plaintiff was lawful and the judgment is affirmed.

CYRUS A. ROBERTS *v.* E. P. SMITH & TR.

*Promissory Note. Contract.*

1. The following writing, "Two years from date for value received I promise to pay J. S. King or bearer one ounce of gold," is not a promissory note, but a simple contract for the delivery of merchandise.
2. PLEADING. A writ brought in the name of an assignee of a simple contract for the delivery of merchandise, is bad on demurrer, when the declaration is wanting in proper averments as to consideration, value, breach, and damages.

ASSUMPSIT. Heard on demurrer to the declaration, December Term, 1885, WALKER, J., presiding. Demurrer overruled.

It was alleged in the amended count that the defendant "made and delivered to one J. S. King, his promissory note in writing in words and figures as follows, to wit:

"'NOVEMBER 17, 1849.

"'Two years from date, for value received, I promise to pay J. S. King, or bearer, one ounce of gold.

"'E. P. SMITH.'

"and thereby promised for value received to pay J. S. King or bearer, one ounce of gold two years from date, which period has elapsed before the commencement of this suit.

"And said plaintiff avers that thereafterwards, to wit: on the 20th day of November, A. D. 1849, at Manchester aforesaid, the said J. S. King, for a valuable consideration to him, then and there paid by said plaintiff, then and there sold, assigned, and transferred said note, to said plaintiff, and said plaintiff then and there became and still is the sole and absolute owner of said note of all of which defendant then and there had notice, and in consideration of the premises said defendant then and there specially promised the plaintiff to pay to the plaintiff the contents of said note according to the tenor and effect of the same; yet said

defendant, though requested, has disregarded his said promise and has not paid the same."

*J. C. Baker*, for the defendant.

The instrument is not a promissory note. Story Pr. Notes; Chit. Bills, 132; 1 Dan. Neg. Inst. 42. One ounce of gold is not money, but merchandise. *Lawrence* v. *Dougherty*, 5 Yerg. 435; *Quimby* v. *Merritt*, 11 Humph. 439. A note payable in current bills is not negotiable. *Collins* v. *Lincoln*, 11 Vt. 368.

This instrument is not a promissory note under the law merchant or the law of Vermont, recognizing notes payable in specific articles. Although the form is a promise to pay, it is in effect merely a promise to deliver merchandise.

The declaration does not allege any consideration for this promise. The words "value received" have been held to import a consideration in non-negotiable notes, but this is not a promissory note in any sense.

The declaration alleges no breach of the contract except that defendant has not paid the same or any part thereof. This is not an allegation of a breach of a contract to deliver merchandise.

There is no allegation of any value to the commodity to be delivered, or that by the failure to so deliver the plaintiff has suffered any loss or damage.

The consideration is not properly stated. 1 Chit. Pl. (16 ed.) 300, *n.*

*J. G. Martin*, for the plaintiff.

The plaintiff claims to recover as the assignee of a chose in action upon the special promise of the maker to pay the same to him.

The law is well settled in this State—"That the transfer of a chose in action not negotiable whereby the assignee becomes the absolute owner, whether it be by purchase or gift, is a sufficient consideration to sustain a special promise

by the latter to pay such assignee, and an action may be sustained upon such promise in the name of the assignee." Rob. Dig. 48; *Smilie* v. *Stevens*, 41 Vt. 321; *Hodges* v. *Eastman*, 12 Vt. 358; *Bucklin* v. *Ward*, 7 Vt. 195; *Moar* v. *Wright*, 1 Vt. 57. The count in question sets forth, that the plaintiff is the absolute owner of said instrument; that the defendant had notice of the transfer, and promised to pay the contents of the same to the plaintiff. The defendant by his demurrer admits the truth of these facts, and they are sufficient to entitle the plaintiff to a judgment. 41 Vt. 321; 12 Vt. 358.

The opinion of the court was delivered by

VEAZEY, J. Although it has long been settled in this State that a written contract having the usual form of a promissory note, but payable in some specific article, may be treated as a promissory note as to the form of declaring upon it, and the necessity of proof of consideration, and in some other respects,—Rob. Dig. 92,—yet such an instrument is not negotiable because not payable in money. *Collins* v. *Lincoln*, 11 Vt. 268; 1 Dan. Neg. Inst. 42.

The instrument declared upon was not even a promise to pay a given sum in specific articles, but only to pay "one ounce of gold." It stands for consideration upon the question of the sufficiency of the declaration under the demurrer thereto, as though it were a promise to pay one bushel of wheat. This suit is by a purchaser from the payee. The plaintiff cannot stand upon the first count, as the instrument declared upon is not negotiable, and no promise by the defendant to the plaintiff is alleged.

But the plaintiff relies mainly upon the new count; and claims to recover thereon as the assignee of a chose in action upon the special promise of the maker to pay the same to him.

The pleader sets out the instrument as a promissory note, and avers that the payee "for a valuable consideration" to

him paid by the plaintiff, sold and transferred the note to the plaintiff, and that the latter became and is, the sole and absolute owner thereof, of which the defendant had notice, and, "in consideration of the premises," "specially promised the plaintiff to pay" to him "the contents of said note according to the tenor and effect of the same," etc.

If the instrument had contained a promise to pay a sum certain in specific articles, this count so far as objection to it is urged on the ground of insufficiency of the averment of consideration for the defendant's promise, and of the consideration from the plaintiff to the original payee, King, would be good. *Smilie* v. *Stevens*, 41 Vt. 321; *Moar* v. *Wright*, 1 Vt. 57. But such is not the instrument. It is but a promise to pay; that is, deliver a certain article of merchandise definite in amount. Because gold enters into the composition of money, we cannot assume that "an ounce of gold" is money, or that it has a fixed and unvarying value. The contract in question lacks not only the quality of negotiability, but certainty and precision as to the amount to be paid. Upon failure to perform there would be no definite specified sum due as in case of a promissory note. The declaration is drawn upon the theory that the instrument was a promissory note except in respect to negotiability. No value is alleged in the thing promised. The pleader claims to be entitled to the value of a commodity without alleging it has any value. It is plainly impossible to apply to this paper a form of declaration adapted solely to a promissory note. Although it has the form of a promissory note it is not such, and cannot be treated as such in pleading. It must be treated as a simple contract for the delivery of merchandise. As a declaration upon such a contract it is wanting in proper averments as to consideration, as to value, and as to breach and damages. Chit. Pl. tit. "Of the Declaration," *295, *et seq.*

Judgment reversed; first and amended counts adjudged insufficient; cause remanded.